In the Matter of DAVID ROBSON, an Attorney, Respondent.

First Department, November 27, 1931.

*Einar Chrystie*, for the petitioner.

*Milton B. Ignatius* and *Clarence C. Fowler* of counsel [*Cabell, Ignatius & Lown*, attorneys], for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the November, 1905, term of the Appellate Division, First Department.

In the petition herein he is charged with professional misconduct substantially as follows:

While acting as attorney for the Yankee Creamery Corporation he collected a claim which the corporation had against one Boris Rabinowitz, amounting to $1,069.77, in three installments, the last of which was paid on or about December 11, 1929; that he converted the entire amount collected to his own use; that in the month of February, 1930, he gave the Yankee Creamery Corporation a check for $994.77, the amount collected less his fees

for services, which check was not paid when presented because of insufficient funds to the credit of the respondent; that thereafter Louis Kadans, president of the Yankee Creamery Corporation, complained to the committee on grievances of the petitioner, and after the respondent was notified of the complaint he paid the amount due in installments, the last of which was paid on November 9, 1930.

The respondent answered, and the matter was referred to an official referee to take testimony in regard to the charge and report the same, together with his opinion thereon to this court. The learned referee has duly reported, finding the respondent guilty as charged. The petitioner now moves that this court take such action in the matter as it may deem just and proper.

There is no substantial dispute concerning the facts herein involved. They are as follows:

The Yankee Creamery Corporation, of which Louis Kadans was president, was engaged in the wholesale cream and cheese business. In June, 1929, he instructed his attorneys, Bogart & Lonergan, to bring suit against one Boris Rabinowitz to recover $1,119.77 for goods sold and delivered. They brought suit as instructed in the City Court. Thereafter Kadans was approached by Josephson and Klaster, representatives of the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., and they induced the Yankee Creamery Corporation to become a member of that board. During these negotiations the claim of the creamery corporation against Rabinowitz was the subject of discussion, in the course of which Kadans stated that if the creamery corporation stopped delivery of cream to Rabinowitz, which it would be required to do if it became a member of the board, there would be great difficulty in collecting the money due from Rabinowitz. Josephson and Klaster assured Kadans that if the creamery corporation joined the board they would guarantee that the Rabinowitz claim would be paid on or about August 1, 1929. Upon this assurance the creamery corporation joined the board. During July, 1929, Bogart & Lonergan conducted negotiations with Rabinowitz's attorney for a settlement of the claim of the creamery corporation. On July 24, 1929, a stipulation was entered into between Bogart & Lonergan, as attorneys for the plaintiff in the action, and Walter R. Hart, attorney for the defendant, which provided that the claim was to be paid in three installments, the first of which in the sum of $350 was paid upon the signing of the stipulation; the second of $350 was to be paid on September 16, 1929, and the balance of $444.77 was to be paid on October 22, 1929. After Josephson and Klaster had promised Kadans that the Rabinowitz claim would be paid

by August first, they suggested to him that he substitute David Robson, the respondent, as attorney in the place of Bogart & Lonergan, to make the collections from Rabinowitz. Kadans directed the substitution to be made and it was made August 14, 1929, and thereafter the respondent, using his firm name of Robson & Newman, had charge of the matter. On August 15, 1929, Bogart & Lonergan delivered to the respondent a check for $275, representing the first installment of $350 collected from Rabinowitz, less their fee of $75. The respondent did not deposit this check in any bank account. He caused it to be cashed and used the proceeds thereof. The respondent collected the second installment from Rabinowitz of $350 on September 23, 1929. He cashed this check and used the proceeds thereof. The respondent collected the third and last installment from Rabinowitz, amounting to $444.77, on December 11, 1929, and the check representing this payment was deposited by the respondent in an account in the name of " David Robson, Special," opened by him in the International Madison Bank and Trust Company. A transcript of this bank account shows that this deposit was made on December 11, 1929. The check for $444.77 was a part of a total deposit of $947.37. The respondent immediately thereafter withdrew various amounts, as evidenced by the balances shown from day to day as follows:

| | |
|---|---:|
| December 12, 1929 | $697 37 |
| December 14, 1929 | 357 36 |
| December 18, 1929 | 212 37 |

Within a month after the deposit of $947.37 was made the account was practically withdrawn, the balance being on January 3, 1930, $5.87.

On or about October 30, 1929, at which time the respondent had collected $625 of the Rabinowitz claim, Kadans sent a letter to the respondent saying: " What seems to be the matter that we do not receive the money due us? Mr. Klaster, Mr. Josephson and you all assured us it would be taken care of all right. Why the delay? " A few days thereafter this letter was returned to Kadans with the following indorsed thereon in respondent's handwriting: " Final payment was promised on Monday, November 4, 1929. David Robson." On or about November 14, 1929, Kadans addressed another letter to respondent: " What seems to be the trouble with the Rabinowitz account? You and your friends, Mr. Klaster and Mr. Josephson continue to tell me that you have the money and that you will mail it, but up to this time even you (for whom I have a high regard) failed to make good."

On November twenty-fifth respondent sent Kadans a letter: " The check of Rabinowitz was not paid. I am holding it until he makes good, which he promised to do within a few days."

On February eighth respondent gave Kadans a check to the order of the Yankee Creamery Corporation for $994.77, drawn on respondent's account on the Madison State Bank. The check is dated February 11, 1930, and has the following notation in the left-hand corner:

| | | |
|---|---:|---:|
| " Kadans v. Rabinowitz.......................... | $1,144 | 77 |
| Paid to Bogart & Lonergan................... | 75 | 00 |
| | $1,069 | 77 |
| Less Fee................................. | 75 | 00 |
| | $994 | 77 " |

On February 8, 1930, Kadans sent to respondent a letter: " In accordance with your request we will deposit your check on Tuesday, February 11th, 1930, paying the account you collected from Mr. Rabinowitz."

Kadans deposited the check on February 11, 1930. It was returned unpaid because of insufficient funds to the credit of respondent's account. On February 15, 1930, Kadans notified respondent by telegram that the check had not been paid and on the same day wrote him: " The writer has been very patient with you regarding the money you failed to turn over to us after you collected it. After waiting several months you finally gave me your check with the assurance that there would be sufficient money to pay. We gave you advance notice that we were depositing your check. It was returned from the bank today unpaid. The reason given by the Madison State Bank was ' Insufficient Funds.'

" This letter is, therefore, a final notice to you and unless we receive the sum of $994.77 at our office by Monday, February 17th, before 4 P. M. you will have to explain the reason to a higher tribunal.

" Your action as an attorney in this case is entirely uncalled for and I personally do not approve of any attorney using his client's money for his own use."

On February 20, 1930, Kadans sent respondent another letter: " This again is to confirm our telephone conversation of this 20th day of February, 1930, of the fact that you will make good the check amounting to $994.77 on Monday morning, February 24th, 1930.

" It is too bad that the writer's confidence in you is being entirely disrupted by you.

" For you, as an old practitioner of the bar to use your client's money without consent whatever is unbelievable.

" Should you again disappoint me in not bringing money next Monday, it will then become my painful duty to inform the Grievance Committee of the Bar Association regarding this.

" I earnestly hope that you will make a sincere and real effort in making good your check."

The respondent failed to pay and Kadans thereupon made a complaint to the grievance committee.

The contention of the respondent is that he was within his legal rights in retaining the money collected as aforesaid; that he was acting for the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., and not as attorney for the creamery corporation in making the collection; that he considered the claim of the creamery corporation had been assigned to the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., in consideration of the guaranty of the latter that the claim would be paid by August 1, 1929; that the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., was indebted to the respondent for fees for professional services rendered, and, therefore, he had the right to apply against such indebtedness the money collected from Rabinowitz.

In support of this contention he testified before the referee that in July, 1929, he had been retained by the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., as counsel; that on July 18, 1929, Lester Klaster, a member of the board, advised the respondent by telephone that he had a check for $1,000 to pay the retainer of the respondent, and asked him to call for the check. Thereafter the respondent received and cashed the check and, at the request of Klaster, loaned him the $1,000, no part of which was repaid. It is this transaction which the respondent claims constituted an indebtedness of the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., against which he was entitled to apply the proceeds of the collection, assuming that the account had been assigned to the Harlem & Bronx Dairy Dealers' Board of Trade, Inc.

These contentions obviously are untenable, and are truly, as suggested by the learned referee, fantastic. Even assuming the testimony of the respondent concerning this $1,000 transaction to have been true, the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., had paid him his retainer. The subsequent loan of the money to Klaster was a personal transaction between the respondent and Klaster. Hence there was no indebtedness by the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., to respondent so as to constitute a lien against any funds of the Harlem & Bronx Dairy Dealers' Board of Trade, Inc. There was, moreover,

no assignment by the Yankee Creamery Corporation to the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., of the claim against Rabinowitz. All that appears is a guaranty of the account, because the Yankee Creamery Corporation feared that membership by it in the Harlem & Bronx Dairy Dealers' Board of Trade, Inc., might interfere with the collection of this claim. It was collected by the respondent on behalf of the Yankee Creamery Corporation.

Unfortunately, the contentions of the respondent are not the result of a mistake of law upon his part. He has deliberately attempted to distort this transaction and to create a false impression. His so-called defense is but an afterthought. His conduct throughout the transaction was based upon the understanding that the money had been collected for the creamery corporation and was to be paid over to it.

The respondent has accentuated his original conversion of his client's money by his endeavor to justify the same through obviously false and concocted premises. He has succeeded in clearly demonstrating his unfitness to remain a member of an honorable profession, and must be disbarred.

McAvoy, Martin, O'Malley and Townley, JJ., concur.

Respondent disbarred.